UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ARNI LARUSSON** <br><br> Plaintiff, <br><br> v. <br><br> **JEREMY BIDDLE**, et al. <br><br> Defendants. | Case No. 1:22-cv-03562-JSR <br><br> **DEFAULT JUDGMENT** |

    This action having been commenced on May 3, 2022, by the filing of the Summons and Complaint, and a copy of the Summons and Complaint having been properly served as follows:

    a. Vice and Play Management, LLC, was served on June 21, 2022, by personal service on Kara Caldwell, the Clerk at the Louisiana Secretary of State authorized by appointment or by law, and a proof of service having been filed on June 29, 2022 [Dkt. 87].

    b. Taquari Hatch and Vice and Play Productions, LLC were served on May 20, 2022 via email at tq@viceandplay.com as authorized by contract [Tolling Agreement, Dkt. 37-1], as documented by the affidavit of service filed on May 24, 2022 [Dkt. 37].

    The Court further identifies that additional notice of the default was thereafter provided to Defendants Taquari Hatch and the Vice and Play entities, as follows:

    a. On October 11, 2022, the Court held an initial hearing on the motion for default judgment, at which counsel for Plaintiff appeared, together with counsel for all non-defaulting defendants. The defaulted defendants did not appear.

    b. On October 19, 2022, counsel for Plaintiff and Defendant BBTV appeared for the second Default Hearing and advised the Court that additional notice had been provided to defaulting Defendants Taquari Hatch, Vice and Play Management, LLC, and Vice and

Play Productions, LLC, as follows:

    i. Plaintiff advised the Court that, in compliance with the Minute Order issued on October 11, 2022, on October 14, 2022 Plaintiff's counsel provided notice of the continued hearing via email and U.S. Mail to defaulting Defendants Taquari Hatch, Vice and Play Management, LLC, and Vice and Play Productions, LLC.

    ii. Defendant BBTV also advised the Court that its counsel provided additional notice on October 11, 2022 regarding the continued hearing via email at tq@viceandplay.com and also during a direct conversation with Mr. Hatch on the telephone, providing him with the details of the Default Hearing, including the dial in number and access code.

c. Defaulting Defendants Taquari Hatch, Vice and Play Management, LLC, and Vice and Play Productions, LLC did not appear for the second hearing, despite being provided notice on multiple occasions, and despite the Court waiting an additional 30 minutes from the scheduled start time of 9:00 a.m. to confirm that none of the defaulted defendants had appeared, before concluding the second hearing.

Defaulting Defendants Taquari Hatch, Vice and Play Management, LLC, and Vice and Play Productions, LLC, having failed to answer the Amended Complaint, and the time for answering having expired, it is:

ORDERED, ADJUDGED AND DECREED: That, pursuant to 17 U.S.C. § 502, the Court rules that Defendant Taquari Hatch a/k/a RESERV claimed credit for the following works which were actually created by Plaintiff: "Hoop Dreams" as may be referenced as ISRC GBLLT2009770, BMI No. 28797666, and ASCAP No. 894815489; "We All We Got" as may be referenced as ISRC GBLLT2009768, BMI No. 28797664, and ASCAP No. 894815582;

"Wanna Fuck" as may be referenced as ISRC GBLLT2009773, BMI No. 28797677, and ASCAP No. 894815581; "Plotting" as may be referenced as ISRC GBLLT2009778; "Smooth Operator" as may be referenced as ISRC GBLLT2009767, BMI No. 28797669, and ASCAP No. 894396343; "The Plan" as may be referenced as ISRC USUYG1344722; "Old Me" as may be referenced as ISRC USUYG1344721 and BMI No. 28797641; "My Boys," "Bought a Patek" as may be referenced as ISRC GBLLT2009780, BMI No. 28797680, and ASCAP No. 894815483; "Miss It" as may be referenced as ISRC USSM11706953, BMI No. 26768516, and ASCAP No. 899593105; "Ice on My Baby" as may be referenced as ISRC USSM11803910 and BMI No. 41903562; and "Ice On My Baby (Remix)" as may be referenced as ISRC USSM11807083 and BMI No. 30314305, despite the fact that he was not a writer, and further rules that Mr. Arni Larusson p/k/a Ice Starr was the writer of these works, and shall be designated as the same in place of Defendant Taquari Hatch a/k/a RESERV on all such works including as registered with any and all performing rights organizations; and

ORDERED, ADJUDGED AND DECREED: That Plaintiff Arni Larusson p/k/a Ice Starr shall have judgment entered in his favor and against Defendant Taquari Hatch a/k/a RESERV, Vice and Play Productions, LLC, and Vice and Play Management, LLC in the liquidated amount of $531,734.08, plus attorneys' fees, costs, and disbursements of this action in the amount of $211,620.46 amounting in all to $901,354.81, with post-judgment interest accruing at 6% from the date of final judgment, and pre-judgment interest accruing at 6% from February 14, 2018 to the date of the final judgment.

Dated: 10/19/22

New York City, New York

U.S. District Court Judge Jed S. Rakoff

This document was entered on the docket on _____.